UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES J. STEGMAIER,<br><br>Plaintiff,<br>v.<br><br>CITY OF RENO, ex rel., its RENO POLICE DEPARTMENT, a government entity, et al.,<br><br>Defendants. | Case No. 3:13-cv-00461-MMD-VPC<br><br>ORDER<br><br>(Def's Motion to Dismiss, or Alternatively, for Summary Judgment – dkt. no. 66) |

## I. SUMMARY

This case involves an employment dispute. Before the Court is Defendant City of Reno's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, for Summary Judgment ("Motion"). (Dkt. no. 66.) The Court has considered Plaintiff James J. Stegmaier's response ("Opposition") (dkt. no. 67) and Defendant's reply (dkt. no. 69). For the reasons discussed below, the Motion is denied.

## II. BACKGROUND

The Court recites the relevant factual background in its August 13, 2015 Order (dkt. no. 64) and will not repeat the facts here except where necessary.

The Complaint asserted ten claims for relief stemming from allegations of sexual harassment and a hostile work environment. (Dkt. no. 1.) In response to Defendant's motion, the Court dismissed nine of the claims for relief and granted Plaintiff leave to file an amended complaint with respect to those claims. (Dkt. nos. 31, 33.) The Court permitted Plaintiff's retaliation claim (third claim for relief) to "proceed on the theory that

Chief Pitts' decision to support termination of Plaintiff was caused by Plaintiff's reporting of the pornographic video emailed to Plaintiff by Sgt. Myers." (*Id.* at 13.)

Plaintiff then filed a First Amended Complaint ("FAC"), asserting eight claims for relief. (Dkt. no. 45.) Defendant moved to dismiss the FAC, except for the retaliation claim. (Dkt. no. 57.) On August 13, 2015, the Court issued an order striking the FAC's third, fifth, and sixth claims for relief and dismissing with prejudice the FAC's first, fourth, and eighth claims for relief. (Dkt. no. 64.) Accordingly, the FAC's remaining claims for relief are as follows: (1) retaliation pursuant to 42 U.S.C. § 2000e-3 (now second claim for relief) and (2) negligent infliction of emotional distress (seventh claim for relief).

Defendant now moves to dismiss the FAC for lack of subject matter jurisdiction. Alternatively, Defendant moves for summary judgment on the FAC's two remaining claims for relief.[1]

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Legal standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a claim or action for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

---

[1] Although filed outside of the dispositive motion deadline, Defendant's Motion is timely because Defendant was granted leave to re-file a motion for summary judgment within 45 days after the issuance of the ruling on the second motion to dismiss. (Dkt. no. 55.)

**2. Analysis**

Defendant contends that the Court lacks subject matter jurisdiction over Plaintiff's retaliation claim because Plaintiff failed to exhaust his state administrative remedies pursuant to the Local Government Employee-Management Relations Act ("Act"), codified in NRS Chapter 288. Specifically, Defendant argues that retaliation is a "prohibited practice" under NRS § 288.270(1) and any claim must be submitted to the Local Government Employee-Management Relations Board ("EMRB") pursuant to NRS § 288.280 to be determined administratively before any judicial review. Defendant insists that because Plaintiff never filed a claim with the EMRB, he failed to exhaust his administrate remedies thereby depriving the Court of subject matter jurisdiction.

A plain reading of NRS § 288.270(1) does not support Defendant's argument. Notably, Defendant fails to identify or explain which subsection of the statute encompasses Plaintiff's retaliation claim. NRS § 288.270(1)(d), the only subsection that covers retaliatory-type conduct, prohibits a local government employer from "discharg[ing] or otherwise discriminat[ing] against any employee because the employee" either (1) "signed or filed an affidavit, petition or complaint or [gave] any information or testimony" under Chapter 288, or (2) formed, joined or participated in an employee organization. The EMRB's administrative authority extends only to those claims that fall within the scope of Chapter 288. NRS § 288.110(2) ("The Board may hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of this chapter" by a local government employer).

Here, the FAC alleges that Defendant retaliated against Plaintiff in violation of Title VII, a federal anti-discrimination law. The FAC does not allege that Defendant retaliated against Plaintiff because he participated in any union activity or in a proceeding under Chapter 288. As such, Plaintiff's retaliation claim does not involve a prohibited practice under NRS § 288.270(1) and therefore falls outside of the EMRB's

scope of authority.[2] *See e.g., Flores v. Clark Cty.*, EMRB Case No. A1-045990, Item No. 737, 2010 WL 5647671, at *1 (Nov. 15, 2010) (holding EMRB did not have jurisdiction over retaliation claim not based on protected activity arising under Chapter 288). Accordingly, the Court denies Defendant's request for dismissal for lack of subject matter jurisdiction.[3]

**B. Motion for Summary Judgment**

**1. Legal standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric*., 18 F.3d 1468, 1471 (9th Cir. 1994). The party seeking summary judgment bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

In determining summary judgment, a court applies a burden-shifting analysis. A moving party without the ultimate burden of persuasion at trial has "both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that

---

[2] Additionally, although not raised here, the Court questions whether Title VII would preempt the Act to the extent that its provisions conflict with the federal law. *See California Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 281 (1987).

[3] To the extent Defendant also moves for dismissal on the basis that Plaintiff failed to file this lawsuit within 90 days after receiving the right to sue notice (*see* dkt. no. 66 at 6 n. 6), it is not properly brought under Rule 12(b)(1) because it is an attack on the FAC, rather than on the Court's jurisdiction. Moreover, it appears that Plaintiff did file this lawsuit within the statute of limitations period. Plaintiff received the right to sue notice on May 31, 2013 and filed this lawsuit on August 26, 2013—87 days later.

the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id*. To carry its burden of persuasion, "the moving party must persuade the court that there is no genuine issue of material fact." *Id*. If the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id*. at 1102-03.

If the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

**2. Analysis**

**a. Retaliation**

Title VII makes it unlawful for an employer to discriminate against any employee "because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must show that: (1) the plaintiff engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between these two events. *Villiarimo v. Aloha Island Air, Inc.* 281 F.3d 1054, 1064 (9th Cir. 2002).

Defendant contends that the only adverse employment action Plaintiff experienced was being placed on administrative leave in April 2012. According to Defendant, Plaintiff's July 2012 resignation was not equivalent to an adverse employment action (i.e. termination) because it was voluntary. However, Plaintiff contends that he was constructively discharged when Chief Pitts decided to support Plaintiff's termination allegedly because Plaintiff attended an interview with internal

affairs to report Sgt. Myers' harassment.[4] Constructive discharge, if shown, can be an adverse employment action for purposes of establishing a Title VII retaliation claim. *See Jordan v. Clark*, 847 F.2d 1368, 1377 n. 10 (9th Cir. 1988). Defendant points to no record evidence, nor provides any argument, either negating Plaintiff's allegation or demonstrating that Plaintiff will be unable to show at trial that he was constructively discharged. Defendant had the opportunity during discovery to develop evidence concerning Plaintiff's allegation of constructive discharge and should have presented the evidence with this Motion to the extent that it supports its position. *See Nissan Fire & Marine Ins. Co.*, F.3d at 1105 ("A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence.").

As to causation, "when adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000). Defendant does not dispute that Plaintiff complained of the pornographic video Sgt. Myers allegedly emailed to Plaintiff in June 2012.[5] Thus, taking the evidence in the light most favorable to Plaintiff, no more than one month lapsed between Plaintiff's complaint and his alleged constructive discharge, which can be a sufficiently reasonable amount of time to support an inference of causation. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (finding sufficient evidence of causation existed when adverse actions occurred less than three months after employee complained).

---

[4] As noted in the Court's August 13, 2015 Order, it is still not exactly clear when Plaintiff filed an official complaint regarding the pornographic video Sgt. Myers allegedly emailed to Plaintiff. (*See* dkt. no. 64 at 5 n. 6.) However, it appears that Plaintiff filed the complaint sometime before his "forced" resignation.

[5] Because neither party provides any argument as to whether Plaintiff's complaint regarding the pornographic video qualifies as a protected activity, the Court will presume for the purposes of this order that it does.

Accordingly, Defendant fails to meet its initial burden on summary judgment. On that basis, the Court denies Defendant's Motion as to the retaliation claim.

**b. Negligent infliction of emotional distress**

To recover for negligent infliction of emotional distress ("NIED") under Nevada law, a plaintiff must establish that he either suffered a physical impact or "serious emotional distress causing physical injury or illness." *See Olivero v. Lowe*, 995 P.2d 1023, 1026-27 (Nev. 2000). Here, Defendant argues that Plaintiff cannot prove his NIED claim because he produced no evidence during discovery to establish the physical manifestation requirement. In response, by verified Opposition,[6] Plaintiff reiterates the allegations contained in the FAC—that he saw counselors and was prescribed medication for symptoms of emotional distress—and argues that Defendant fails to offer any evidence showing that the claim lacks merit.

Viewing the evidence in the light most favorable to Plaintiff, there are genuine issues of material fact as to the physical manifestation requirement. Plaintiff provides evidence indicating that the symptoms of his emotional distress were serious enough that he received medical treatment. Although Defendant may be correct that Plaintiff did not produce documentary proof of his alleged treatment, Plaintiff's statements based on his personal knowledge are sufficient to survive a motion for summary judgment.

To the extent that Defendant moves for summary judgment on the basis that Plaintiff committed a discovery violation, this is not sufficient to support summary judgment. *See, e.g.*, *Villagomes v. Lab. Corp. of Am.*, 783 F. Supp. 2d 1121, 1129 (D. Nev. 2011). Accordingly, the Court denies Defendant's Motion as to the NIED claim.

/ / /

[6] Statements in a verified opposition can be competent evidence on summary judgment if the "contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party] attest[s] under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *see also Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). Here, Plaintiff attached a verification to his Opposition attesting under penalty of perjury the contents based on his personal knowledge are true. (Dkt. no. 67 at 6.)

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, for Summary Judgment (dkt. no. 66) is denied.

DATED THIS 22nd day of April 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE